IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant's Motion for Independent Medical Examination Under Fed. R. Civ. P. 35 [filed September 15, 2010; docket #45]. The motion is referred to this Court for disposition. (Docket #46.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Defendant's Motion.

**I.     BACKGROUND**

This is an insurance breach of contract and bad faith dispute. The facts of this case arise from a one-vehicle car accident on January 8, 2008. (Docket #1-2 at 1.) Defendant insured Plaintiff at the time, initially denied her claim for coverage, and "later, significantly under-evaluated her claim." (*Id*. at 2.) Plaintiff believes Defendant is liable for compensatory damages, including damages for "physical suffering, permanent impairment, emotional distress," and special economic damages "including but not limited to medical expenses, physician expenses, rehabilitation expenses, medication expenses, loss of income and loss of earning capacity." (*Id*. at 3.) Plaintiff alleges she has been damaged by "[b]eing forced to endure in the past, and currently, severe physical

pain, emotional distress, shock to her nervous system, permanent disfigurement and other injuries as will be fully set forth in the course of this litigation . . . ." (*Id.* at 5.)

In this motion, Defendant asks the Court for an order directing Plaintiff to submit to an independent medical examination by Dr. Henry J. Roth on Wednesday, October 20, 2010, at 3:00 p.m., not to exceed three hours, and "for the purpose of evaluating the injuries Plaintiff claims to have sustained as a result of the January 8, 2008 car accident at issue in this case." (Docket #45 at 1.) Defendant asserts both prerequisites for a Rule 35 physical examination are satisfied, in that Plaintiff's physical condition is "in controversy," and "good cause" exists necessitating the examination. (*Id.* at 2.) Defendant states it highly contests Plaintiff's physical condition, as her "demands for compensation based on those injuries are overstated." (*Id.* at 3.) Defendant further challenges "[t]he extent and nature of Plaintiff's injuries." (*Id.*) Defendant believes good cause is established, because "at least one of her physicians expected that plaintiff would recover from her neck injury in six months" but Plaintiff "complains of pain even today." (*Id.* at 4.) Defendant explains that the examination is appropriate to "determine whether all the treatments Plaintiff pursued were medically necessary, timely, and reasonable." (*Id.*)

In response, Plaintiff makes five arguments: 1) Defendant fails to show that Plaintiff's current physical condition is "in controversy," because "[t]his case is not about plaintiff's current medical condition;" 2) Defendant fails to demonstrate "good cause," because it had the opportunity to request that Plaintiff submit to an independent medical examination before it denied her claim; 3) Defendant fails to demonstrate "good cause" because it did not submit this motion "until the eve of the discovery cut-off;" 4) the examination would be overly duplicative of Plaintiff's deposition, production of medical records (including her medical history), and responses to written discovery related to her physical condition; and 5) the examination is overbroad and unduly burdensome due

to the lengthy questionnaire and the location of the doctor's office.  (*See* docket #68.)

In reply, Defendant reiterates its position that Plaintiff's physical condition has always been in dispute, as the jury must determine whether Plaintiff suffered any damages resulting from Defendant's conduct.  (Docket #81 at 2-3.)  Defendant argues that Plaintiff has named "numerous" experts to testify concerning the reasonableness and necessity of Plaintiff's treatment, in relation to the injuries she allegedly sustained from the 2008 car accident.  Defendant claims "[i]t is only fair" to allow Defendant the opportunity to rebut Plaintiff's expert testimony through the use of its own independent expert's evaluation.  (*Id*. at 3.)  Regarding Plaintiff's assertions that delay precludes Defendant's petition for an IME, Defendant relies on Plaintiff's complaint to explain that Plaintiff "*has* put her current physical condition at issue," due to "ongoing injuries related to the accident." (*Id*. at 4 (emphasis in original).)  Defendant avers that "the fact that [it] did not conduct an IME during its initial case evaluation does not in any way preclude it from requesting an IME now."  (*Id*. at 5.)  Defendant states that the motion is timely as it was filed a month before the discovery deadline, which has now been extended, and the examination will not require any modification to the present discovery schedule.  (*Id*. at 6.)

## II. ANALYSIS

Fed. R. Civ. P. 35(a)(1) prescribes that the Court may order a party whose physical condition is in controversy to submit to a physical examination by a suitably licensed or certified examiner. The order "may be made only on motion for good cause . . . and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2) (West 2010).  Thus, there are two prerequisites for an order compelling submission to an independent medical examination: 1) the party's physical condition is "in controversy" and 2) "good cause" exists for the requested examination.  *See Schlagenhauf v. Holder*,

379 U.S. 104, 118-19 (1964). In *Schlagenhauf*,

> the Supreme Court stated that the "in controversy" and "good cause" requirements of Rule 35 would not be satisfied by conclusory allegations contained in pleadings, or by assertions of mere relevance to the case. Rule 35 requires an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.

*LeFave v. Symbios, Inc.*, No. CIV.A. 99-Z-1217, 2000 WL 1644154, at *4 (D. Colo. Apr. 14, 2000) (citing *Schlagenhauf*, 379 U.S. at 118).

The *Schlagenhauf* Court interpreted Rule 35 pursuant to "the basic premise 'that the deposition-discovery rules are to be accorded a broad and liberal treatment.'" 379 U.S. at 114 (citation omitted). However, the Court also advised that "Rule 35 . . . requires discriminating application by the trial judge." *Id*. at 118. With these concepts in mind, the Court finds that Defendant meets both the "in controversy" and "good cause" requirements for the ordering of an independent medical examination.

In *Schlagenhauf*, the Supreme Court noted that "there are situations where the pleadings alone are sufficient to meet these requirements." *Id*. at 119. Here, Defendant correctly points out that Plaintiff, in her complaint, states clearly that she has been damaged by "[b]eing forced to endure in the past, *and currently*, severe physical pain, emotional distress, shock to her nervous system, permanent disfigurement and other injuries as will be fully set forth in the course of this litigation . . . ." (Docket #1-2 at 5 (emphasis added).) Additionally, Plaintiff requests damages for physical suffering, medical expenses, and medical-related expenses including physicians, rehabilitation, and medication. (*See id.* at 3.) Therefore, the Court finds that Plaintiff's physical condition, past, present and anticipated (Plaintiff also claims future special economic damages), is "in controversy" based on the factual allegations and requests for relief in her complaint.

The Court further finds that good cause exists to order the examination of Plaintiff's alleged injuries. Defendant identifies a handful of inconsistencies related to Plaintiff's physical condition, namely, 1) that one of Plaintiff's physicians expected recovery of her neck injury within six months, however Plaintiff complains of pain to date (docket #45 at 4; docket #81 at 6); 2) Plaintiff complained of neck pain, dizziness, and weakness in her left hand "as early as 2000" (docket #81 at 7); 3) contradictory opinions regarding Plaintiff's "pain pattern" related to the neck injury (*id.*); and 4) the gap in treatment for Plaintiff's injuries from February to June 2008 (*id.*). The Court emphasizes that it is not ruling on the veracity of Plaintiff's allegations regarding her injuries by recognizing these inconsistencies (that could very well have an adequate explanation); however, the Court does believe that these inconsistencies establish good cause for an independent medical examination.

Regarding Plaintiff's argument that the motion is unduly delayed, the Court agrees with Defendant that Plaintiff provides no compelling authority that would preclude the Court from ordering an IME simply because the Defendant did not seek an IME when it initially analyzed Plaintiff's claim. Defendant does not have to prove the merits of the case in order to meet Rule 35's requirements for an examination. *Schlagenhauf*, 379 U.S. at 119. Defendant brings its motion before the discovery deadline, and the examination will occur before the discovery deadline (which the Court recently extended). Thus, the Court finds that the motion is timely filed.

Plaintiff believes that the examination creates a hardship for her, as she would have to travel from northern Colorado to the southern Denver metro area. The Court declines to deny Defendant's motion on these grounds, when weighed against Defendant's satisfaction of Rule 35's two prerequisites. Additionally, regarding the examination questionnaire, the Court finds little difference between the questionnaire presented and the questionnaire filled out by Plaintiff on December 9,

5

2008, for her voluntary IME. (*See* docket #81-7 (2008 questionnaire); docket #45-6 (questionnaire for IME at issue).)

## III. CONCLUSION

Accordingly, Defendant's Motion for Independent Medical Examination Under Fed. R. Civ. P. 35 [filed September 15, 2010; docket #45] is **GRANTED**. The Court hereby orders Plaintiff to submit to a physical examination by Dr. Henry J. Roth, not to exceed three hours in length, at Dr. Roth's office, located at 7100 E. Belleview Avenue, Suite 103, Greenwood Village, CO 80111. The examination will take place on Wednesday, October 20, 2010, beginning at 3:00 p.m. In conjunction with the physical examination, Plaintiff must fill out Dr. Roth's standard questionnaire, located at docket #45-6. The scope of the examination is limited to Plaintiff's alleged injuries.

Dated at Denver, Colorado, this 13th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge