IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

# RECOMMENDATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion to Amend Scheduling Order and for Leave to File Amended Complaint to Assert Class Action Claims and Punitive Damages [filed August 30, 2010; docket #34 (sealed docket #25)]. The motion is referred to this Court for disposition. (Docket #76.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **RECOMMENDS** Plaintiff's motion be **GRANTED IN PART** and **DENIED IN PART** as follows.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**BACKGROUND**

This is an insurance breach of contract and bad faith dispute. The facts of this case arise from a one-vehicle car accident on January 8, 2008. (Docket #1-2 at 1.) Defendant insured Plaintiff at the time, initially denied her claim for coverage, and "later, significantly under-evaluated her claim." (*Id*. at 2.) Plaintiff believes Defendant is liable for compensatory damages, including damages for "physical suffering, permanent impairment, emotional distress," and special economic damages "including but not limited to medical expenses, physician expenses, rehabilitation expenses, medication expenses, loss of income and loss of earning capacity." (*Id*. at 3.) Plaintiff alleges she has been damaged by "[b]eing forced to endure in the past, and currently, severe physical pain, emotional distress, shock to her nervous system, permanent disfigurement and other injuries as will be fully set forth in the course of this litigation . . . ." (*Id*. at 5.)

In this motion, Plaintiff seeks to file an amended complaint including class action claims and a claim for exemplary damages against Defendant. (Docket #25 at 1.) Plaintiff explains how recent discovery, including depositions and document disclosures, reveal "a company-wide directive applicable to all claimants" of Defendant using "its Medical Services unit to direct undervaluation of claims." (*Id*. at 2.) Plaintiff avers that good cause exists for modification of the Scheduling Order to permit amendment of pleadings at this later date in the litigation because "Plaintiff did not discover the factual predicate to amend her Complaint to add class action allegations until after [Defendant's] July 30, 2010 disclosure production and until after Plaintiff's depositions of [Defendant's] company witnesses on August 10 and 11, 2010." (*Id*. at 4.) As a procedural consideration, Plaintiff suggests that permitting amendment of this lawsuit would allow Plaintiff to preserve her rights as a member of the proposed class, instead of continuing in this matter individually. (*See id*. at 3.)

Plaintiff asserts that the class action claims she seeks to add are not futile, as they are "meritorious claims for relief under applicable Colorado law." (*Id*. at 6.) Plaintiff contends that Defendant will not suffer prejudice if amendment is permitted, because "defendant will undoubtedly face a class action suit regarding its policies and practices," and allowing amendment here "will enable Defendant to address these claims in one lawsuit, rather than in a piecemeal manner." (*Id*. at 13.) Additionally, Plaintiff believes that she has provided evidence establishing prima facie proof of a triable punitive damages claim. (*Id*. at 14-15.) Plaintiff also recognizes that continuance of the trial date, presently set for January 2011, will likely be necessary if her motion is granted. (*Id*. at 13.)

In response, Defendant argues that Plaintiff's motion should be denied on the bases of untimeliness, undue delay, prejudice and futility. Defendant challenges Plaintiff's assertion that she only recently became apprised of the evidence she claims gives the factual basis for the proposed amendments. (Docket #50 at 1.) Defendant believes that counsel for Plaintiff was aware of this evidence "as early as March 2010, and no later than the end of June 2010." (*Id*. at 2.) Defendant argues that in any event, Plaintiff was not diligent in pursuing these facts through discovery because she did not issue the requests for production until April 30, 2010, "well after the March 1, 2010 deadline to add parties and amend the pleadings." (*Id*.) Defendant contends that Plaintiff fails to substantiate the accusations of institutional bad faith with any actual evidence in her motion. (*Id*. at 4.) Defendant asserts that the proposed amendments are futile, "because this action is not of the sort amenable to class treatment, and because Plaintiff has failed to make a prima facie showing of entitlement to punitive damages." (*Id*. at 12.)

Plaintiff attests that Defendant's assertion regarding what counsel for Plaintiff knew in early July 2010 is untrue, and in any event, Defendant provides no authority supporting its argument of undue delay based on Plaintiff's counsel's alleged knowledge gained in a separate proceeding.

3

(Docket #90 at 2.) Plaintiff avers that the delay in obtaining the Medical Services manual is attributable to Defendant; thus, good cause exists to modify the scheduling order and permit amendment. (*See id.* at 4-6.) Plaintiff restates her position that Defendant will face a class action lawsuit against the Medical Services policy, whether in this matter or in addition to this matter. (*Id*. at 7.) Regarding futility, Plaintiff contends that Defendant erroneously stated that "cases against insurance companies for wrongful conduct towards their insureds are not amenable to class certification." (*Id*. at 9 (supporting citations omitted).) Plaintiff avers that "even a cursory reading of the Amended Complaint reveals that the overriding and predominate issues in this case will relate to liability," even if individual issues related to causation could exist. (*Id*. at 10.)

## DISCUSSION

### I. Modification of the Scheduling Order

According to the Scheduling Order, the deadline for joinder of parties and amendment of pleadings was set at March 1, 2010. (Docket #8 at 12.) No extension of this deadline was requested. Because Plaintiff filed her motion after the deadline, granting her motion pursuant to Rule 15(a) would require an amendment of the Scheduling Order. Thus, the Court employs a two-step analysis. First, the Court evaluates whether Plaintiff demonstrates good cause allowing amendment of the Scheduling Order. Second, if Plaintiff shows good cause, she must also meet the requirements of Fed. R. Civ. P. 15(a).

A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* In order to show good cause, Plaintiff "must provide an

adequate explanation for any delay" in meeting the Scheduling Order's deadline. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006).

Notably, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to seek amendment within the deadline may be excused if due to oversight, inadvertence or excusable neglect. *Id.* Additionally, "[t]he fact that a party first learns through discovery of information which may lead to amendment of deadlines set forth in the Scheduling Order constitutes good cause." *Riggs v. Johnson*, No. 09-cv-01226-WYD-KLM, 2010 WL 1957110, at *3 (D. Colo. Apr. 27, 2010) (citation omitted).

Here, the parties each blame the other for the delay in Plaintiff's obtaining the Medical Services manual upon which she bases her proposed amendments. Plaintiff recounts that she served written requests for production on April 30, 2010, seeking "any claims handling manual . . . in force at the time Plaintiff's policy . . . was issued." (Docket #25 at 4.) Plaintiff explains that Defendant responded to this request on June 14 and again on July 7, without actually producing any manual. (*See id.*) Then, on July 20, 2010, Defendant "produced about 90 pages of claim handling documents but nothing specific to Medical Services." (*Id.*) Defendant produced the Medical Services documents and manuals on July 30, 2010. (*Id.* at 5.)

Defendant claims that Plaintiff cannot meet the "diligence" standard of Rule 16's "good cause" requirement because "Plaintiff did not even submit the Requests for Production requesting these documents until April 30, 2010, well after the March 1, 2010 deadline." (Docket #50 at 8.) Additionally, Defendant informs the Court that counsel for Plaintiff in this matter filed a separate lawsuit in Denver District Court, *Chavez v. American Family*, 2009 CV 9999, on the same date that Plaintiff initiated this case. Defendant asserts that "[r]ecords from *Chavez* demonstrate that Plaintiff's attorneys knew the facts underlying their class action and punitive damages allegations as early as March 2010, and no later than the end of June 2010." (*Id.* at 9.)

5

Plaintiff represents that Defendant was requested in both this matter and the *Chavez* proceeding to produce discovery regarding claims handling, but in both suits, Defendant delayed production of the claims handling procedures, to the extent that in *Chavez*, it responded that "there are no written documents responsive to this request." (*See* docket #90 at 3-4.) Plaintiff explains that she "did not have sufficient information" to support the claims she now seeks to add until after production of the Medical Services manual in this matter on July 30, 2010.[2] (*Id.* at 6.)

The Court accepts Plaintiff's characterization of the chronological progression of discovery in this matter. The Court, in reviewing the factual chronology of the discovery process, concludes that Plaintiff did act diligently in the prosecution of her case. The Court does not find compelling Defendant's argument regarding what counsel for Plaintiff knew in the *Chavez* matter.[3] Even though counsel for the plaintiff in *Chavez* (same counsel for Plaintiff in this case) filed a motion to amend seeking exemplary damages based on a "scheme" by Defendant, Defendant does not argue that the *Chavez* motion also sought amendment to include class action claims. It makes sense to the Court that counsel for Plaintiff would not include allegations forming the basis of a class action claim without further substantiation obtained through the written discovery and depositions in the matter at hand. (*See* docket #90 at 6-7.) In fact, without such corroboration to the evidence founding the *Chavez* motion, the Court theorizes that filing the same motion in this matter could have impermissibly toed the line separating the potentially meritorious and idly speculative. Thus, the Court finds that good cause exists to modify the Scheduling Order.

---

[2]Plaintiff states that Defendant disclosed the manual contemporaneously in the *Chavez* matter. (Docket #90 at 6 n.5.)

[3]The Court accepts Plaintiff's counsel's explanation of why counsel for Defendant would attest that counsel for Plaintiff had a copy of the Medical Services manual in July 2010 when he did not. (*See* docket #90 at 4-5.) The Court perceives this conflicting story as a result of misunderstanding between counsel.

## II. Amendment pursuant to Rule 15(a)

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2010). *See also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315. *See also Foman,* 371 U.S. at 182.

### A. *Delay*

When evaluating opposition to a motion to amend based on undue delay, the Tenth Circuit focuses primarily on the asserted reasons for delay. *Minter*, 451 F.3d at 1206. Denial based on delay is appropriate "when the party filing the motion has no adequate explanation for the delay," or in instances where it appears the plaintiff utilizes Rule 15 to make the complaint "a moving target." *Id*. (citations omitted). The Court may also deny leave to amend "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987).

As described above in the Court's evaluation of good cause to modify the Scheduling Order, the Court finds that the motion is not untimely or precluded by undue delay, because Plaintiff

brought her motion within thirty days of receiving the Medical Services manual (and deposing Defendant's witnesses), which provides the evidentiary basis for her proposed amendments. The explanation offered by Plaintiff in her papers (also evaluated above) constitutes an adequate explanation for the delay (*i.e.*, the delay was not "undue"). Thus, the Court finds denial based on delay is inappropriate here.

### B.     *Prejudice*

In the Tenth Circuit, the "most important . . . factor in deciding a motion to amend the pleadings . . . is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* (citations omitted). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991).

Here, the Court does not find prejudice as to Plaintiff's proposed amendment for punitive damages (analyzed further below), but the Court does believe permitting amendment of the complaint to add class action claims would unduly prejudice Defendant at this late stage in the litigation. Review of the proposed Amended Complaint demonstrates to the Court that the factual and legal landscapes of this matter would be greatly broadened, and the process of certifying a class could potentially take months. This case is presently set for trial to commence in January 2011. (*See* docket #9.)

In *Foman*, the Supreme Court held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. at 182. The Plaintiff in this matter is still fully afforded the opportunity to test her claim on the merits; denial of this motion to amend to include class action claims does not prejudice her right to pursue her case. Moreover, denial of Plaintiff's motion to amend does not preclude a different plaintiff from bringing a class action lawsuit. However, permitting amendment to include class action claims does prejudice Defendant in regards to this matter, as Defendant has pursued its defense of this specific Plaintiff's claims for almost one year (Plaintiff commenced this action on November 16, 2009), has filed a motion for partial summary judgment, and is wrapping up discovery in order to begin preparations for trial.[4] (*See* docket #50 at 11.) Although the Court finds that Plaintiff's motion is not precluded by undue delay, the Court concludes that, in consideration of the timing of the motion to amend related to the present trial schedule, granting Plaintiff's motion as to the proposed class action claims would unduly prejudice Defendant.[5] *See, e.g., Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (amendment proposed shortly before trial would be prejudicial, whereas amendment proposed before discovery occurred would not); *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming district court's denial of a motion to amend as the case "was near resolution and discovery had been

---

[4]It is true that the Court recently extended the discovery deadline; however, the Court notes that the rather tight schedule is set to accommodate the governing schedule of the trial preparation conference and commencement of trial, in consideration of the timing of Defendant's pending motion for partial summary judgment. (*See* docket #73.)

[5]The Court recognizes that the parties could perceive a contradiction in the Court's finding of undue prejudice but not undue delay; however, the Court is constrained by the trial schedule presently governing this case, and no motion for continuance has been filed. In any event, as explained herein, the Court, after review of case precedent, concludes that Plaintiff will not suffer prejudice resulting from the denial of her motion as her claims are preserved, but if Plaintiff's motion to add class claims is granted, Defendant would be prejudiced in the preparation of its defense.

completed"); *Semsroth v. City of Wichita*, No. 04-1245-MLB, 2006 WL 2570557, at *5 (D. Kan. Sept. 5, 2006) (denial of a motion to file a second amended class action complaint because significant discovery had occurred, written discovery requests had been served, and the proposed complaint contained new factual allegations). Thus, the Court recommends that Plaintiff's motion be denied as to her request to amend the complaint to include class action claims.[6]

### III. Amendment to Include a Claim for Exemplary Damages

In Colorado, exemplary or punitive damages are available only by statute. *Stamp v. Vail Corp.*, 172 P.3d 437, 447 (Colo. 2007) (citing *Kaitz v. Dist. Court*, 650 P.2d 553, 556 (Colo. 1982)). Plaintiff seeks to amend under Colorado's general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a). (*See* docket #25 at 14.) C.R.S. § 13-21-102(1.5)(a) states as follows:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

As explained below, the Court finds that neither undue delay, undue prejudice, nor futility precludes Plaintiff's amendment of her complaint with a claim for exemplary damages.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." C.R.S. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." C.R.S. § 13-21-102(1)(b). Thus, in order for an amendment

---

[6]The Court declines to address Defendant's averment of futility as a basis to reject Plaintiff's proposed class action claims, as the Court recommends denial of the class action portion of Plaintiff's motion based on undue prejudice.

10

seeking exemplary damages to be proper, the Court must find Plaintiff establishes prima facie proof of a triable issue that Defendant purposefully behaved in a dangerous, heedless and reckless manner "without regard to consequences, or of the rights and safety of others."

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court in and for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980). Plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite prima facie proof of a triable issue. *Id*.

Here, the Court finds that Plaintiff's proposed amendment for a claim of exemplary damages is not precluded by undue delay, for the same reasons stated above. Regarding undue prejudice, the Court finds that the similarity between the standard for Plaintiff's bad faith claim against Defendant and her proposed claim for exemplary damages indicates Defendant would have to do a minimal amount of additional preparation for its defense, if any. Plaintiff correctly points out that this amendment "does not substantially change the nature of the claims against [Defendant] in this case." (Docket #25 at 14.) Finally, the Court concludes amendment would not be futile because, in consideration of the evidence presented by Plaintiff, prima facie proof of a triable issue of "willful or wanton conduct" exists. Plaintiff included expert reports and other evidentiary materials in support of her contention that Defendant impermissibly utilized its Medical Services department to undervalue her claim with her motion. (*See* docket #25.) The Court is not pre-adjudicating the culpability of Defendant in finding that Plaintiff may bring her claim of exemplary damages; the Court simply concludes that the claim is properly supported with evidentiary materials and should be permitted to proceed as a triable issue. Thus, the Court recommends that Plaintiff's motion to amend be granted in this respect.

# CONCLUSION

Accordingly, for the reasons stated above and the entire record herein, the Court **RECOMMENDS** that Plaintiff's Motion to Amend Scheduling Order and for Leave to File Amended Complaint to Assert Class Action Claims and Punitive Damages [filed August 30, 2010; docket #34 (sealed docket #25)] be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends Plaintiff's motion be granted to the extent Plaintiff seeks to add a claim for exemplary damages and denied to the extent Plaintiff seeks to amend the complaint to add class action claims.

Dated at Denver, Colorado, this 19th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge