IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02681-REB-MEH

DAWN MARIE FIECHTNER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## MOTION TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS AND DEPOSITION TESTIMONY

    American Family Mutual Insurance Company ("American Family") moves, pursuant to the Protective Order entered in this action (Doc. # 17, filed July 8, 2010), to maintain the confidentiality of all of the documents and deposition transcript excerpts it has designated as "confidential" pursuant to the Protective Order.

### CERTIFICATE OF COMPLIANCE

    Pursuant to D.C.COLO.LCivR 7.1(A), Fed. R. Civ. P. 26(c)(1), and paragraph 8 of the Protective Order, counsel for American Family has conferred by telephone with counsel for Plaintiff regarding the subject matter of this Motion and has attempted in good faith to resolve this dispute without Court intervention. Plaintiff opposes the relief requested.

## INTRODUCTION

Plaintiff and American Family jointly stipulated to entry of a Protective Order in this case so that American Family could provide information to Plaintiff for use in pursuing her claim without jeopardizing the confidentiality of American Family's proprietary or competitively sensitive information. This Court granted the parties' stipulated motion and entered the Protective Order (Doc. # 17).

Plaintiff has asserted a blanket objection to American Family's designation of materials as confidential as agreed by the Protective Order. (See Exh. A (Email from J. Proctor).) Plaintiff's blanket objection: (1) does not comply with the terms of the Protective Order requiring her to identify the particular materials she believes are not confidential and confer with counsel for American Family concerning those particular items; and (2) is an attempt to renege generally on the parties' agreement and stipulation to protect American Family's confidential information as provided in the Protective Order. Moreover, since the Protective Order permits Plaintiff to use the confidential information in pursuing her claim, she has no legitimate interest in seeking to disclose American Family's proprietary and confidential information to outsiders. Accordingly, this Court should enter an Order requiring Plaintiff to maintain the confidentiality of the designated documents and deposition testimony, as required by the stipulated Protective Order.

## ARGUMENT

### A. The Protective Order Appropriately Shields American Family's Competitively Sensitive Information While Allowing Plaintiff to Use the Information in Pursuing Her Claim.

Rule 26 permits the Court to "protect a party…from…undue burden or expense" by, among other things, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…." Fed. R. Civ. P. 26(c)(1)(G).  Competitive disadvantage from exposure of information is one of the harms that justifies protection under Rule 26.  <u>Netquote, Inc. v. Byrd</u>, 2007 WL 2438947, at * 1 (D. Colo. Aug. 23, 2007).

The stipulated Protective Order entered in this case permits a party to designate as "CONFIDENTIAL" information that is "confidential and implicates the proprietary, confidential, competitively sensitive and/or trade secret information." (Prot. Order, Doc. # 17 ¶ 3.)  The documents and deposition excerpts that American Family has designated "CONFIDENTIAL" contain proprietary or competitively sensitive confidential information that American Family is entitled to protect from disclosure to those outside this lawsuit.

Under the terms of the Protective Order, American Family's designation of documents or deposition testimony as "confidential" does not prevent Plaintiff from having access to and using "confidential" information in preparing her case – it only prevents her from disclosing such information to outsiders who are not involved with the case. (Protective Order, Doc. # 17 ¶ 4.)

3

As the Court in <u>Gillard</u> explained, "[c]ivil discovery is a device to allow parties to obtain information for the purpose of preparing and trying a lawsuit," and "[c]onsequently… a party has no right to make unrestricted disclosure of the information obtained through discovery." <u>Gillard v. Boulder Valley School Dist. Re.-2</u>, 196 F.R.D. 382, 387 (D. Colo. 2000) (citing <u>Seattle Times Co. v. Rhineheart</u>, 467 U.S. 20, 32, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)).  Plaintiff has identified no harm to her from American Family's desire to maintain the confidentiality of its business information.  She may use the information in pursuing her claims in this litigation.  There is no other legitimate use of the materials.

**B.     Plaintiff's Blanket Objection to All of American Family's Designations Does Not Meet the Protective Order's Requirements for Objection and Conferral.**

The Protective Order provides a means for resolving disputes related to the designation of particular materials as "confidential."  It provides for a party to object to "the designation of <u>particular</u> CONFIDENTIAL information by giving written notice" to the designating party.  (Protective Order p.3, ¶ 8 (emphasis added).)  The Protective Order requires that "[t]he written notice <u>shall identify the information</u> to which the objection is made."  (<u>Id.</u> (emphasis added).)  The designating party is required to file a motion for protection "[i]f the parties cannot resolve the objection within ten (10) business days after the notice is received."  (<u>Id.</u>)  The Court should then "determine whether the disputed information should be subject to the terms of this Protective Order."  (<u>Id.</u>)  The reason for requiring the objecting party to identify the particular information is obvious: the parties cannot meaningfully discuss -- and the Court cannot meaningfully analyze --

4

a claim that information should not be protected if the objecting party refuses to identify the information it believes should not have been designated Confidential.

Plaintiff's objection, the email attached as Exhibit A, provides no clue as to the particular information Plaintiff believes should not be protected, much less any explanation of a reason for the objection. The objection states, in its entirety:

> Counsel:
> Please be advised that, upon consideration of the materials American Family has designated as "confidential" in this case, including documents it has produced and deposition testimony of American Family witnesses, Plaintiff objects to American Family's confidentiality designation. This notice of Plaintiff's objection is given pursuant to the terms of the Protective Order (Doc. No. 17).
> Joshua R. Proctor

Conferral with opposing counsel did not shed further light on the basis for or target of Plaintiff's objection.

The blanket objection provided by Plaintiff does not meet the requirements of the Protective Order and therefore does not constitute a permitted objection to the confidentiality designations of the materials.

**C.   The Blanket Objection Is Not in Good Faith and Constitutes an Attempt to Renege on the Parties' Agreement to Abide by the Terms of the Protective Order.**

Plaintiff's general statement that she "objects to American Family's confidentiality designation" cannot be squared with her prior agreement to stipulate to entry of the Protective Order. (Exh. A.) The parties might be expected to disagree about particular usages of the confidential designation – indeed, that is why the Protective Order includes a provision for resolving such disputes. Objecting in general to the use of the

5

designation, however, is not a dispute about usage but an apparent attempt to renege on the commitment to the Protective Order altogether.

The Tenth Circuit has recently explained that "[p]rotective orders serve the vital function of 'secur[ing] the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant.'" S.E.C. v. Merrill Scott & Associates, Ltd., 600 F.3d 1262, 1272 (10th Cir. 2010) (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 295 (2d Cir. 1979)). Accordingly, the Tenth Circuit directed that "courts should be wary of retroactive attempts to modify [protective orders] in ways that undermine the justified reliance of a witness … on a valid order circumscribing the use and availability of information disclosed through discovery." Id.  The Court explained that "[u]nless protective orders are 'fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences.'" Id. (quoting Martindell at 295).

Plaintiff's attempt to back out of or invalidate the Protective Order after American Family has produced its confidential and competitively sensitive business information in reliance on the protections afforded by it is bad faith.  American Family relied on the Protective Order to provide a means by which American Family could produce documents for Plaintiff to use in the litigation without the worry that the documents would be subject to general distribution.  Plaintiff's recent change of heart with regard to the Protective Order is all the more troubling because the Protective Order does not

6

inhibit Plaintiff's own use of the information to pursue her claim. Plaintiff's attempt to agree to the protection before the documents are produced and then attempt to back out afterward is bad faith and should not be permitted.

## CONCLUSION

WHEREFORE, Defendant American Family Mutual Insurance Company respectfully requests that this Court enter an Order maintaining the "CONFIDENTIAL" designation of all documents and deposition testimony that American Family has marked as CONFIDENTIAL in this litigation and requiring Plaintiff to continue to treat those documents and deposition testimony as subject to the protections of the Protective Order (Doc. # 17) in this case.

Respectfully submitted this 22nd day of November, 2010.

*s/ Heather C. Perkins*
Michael S. McCarthy
Heather C. Perkins
Daniel D. Williams
Jacy T. Rock
Faegre & Benson LLP
1700 Lincoln Street, Suite 3200
Denver, Colorado  80203
Phone No.: (303) 607-3500
E-Mail:   mmcarthy@faegre.com
          hperkins@faegre.com
          dwilliams@faegre.com
          jrock@faegre.com

Suzanne Lambdin
Lambdin & Chaney, LLP
4949 South Syracuse Street, #600
Denver, Colorado 80237
Phone No.: (303) 799-8889
E-Mail:   slambdin@lclaw.net

Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of November, 2010, I electronically filed the foregoing **MOTION TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS AND DEPOSITION TESTIMONY** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

- **Franklin David Azar**
  shelbyj@fdazar.com,salazara@fdazar.com

- **Richard P. Barkley**
  barkley@barmarlaw.com,reinhardt@barmarlaw.com,christoff@barmarlaw.com

- **Barry Ira Dunn**
  dunnb@fdazar.com,phillipsl@fdazar.com

- **Scot Christopher Kreider**
  skreider@levymorsewheeler.com,ktaylor@levymorsewheeler.com

- **Marc Robert Levy**
  mlevy@levymorsewheeler.com,tjenkins@levymorsewheeler.com

- **Meghan W. Martinez**
  martinez@barmarlaw.com,reinhardt@barmarlaw.com,barkley@barmarlaw.com,christoff@barmarlaw.com

- **Edward W. Nottingham**
  ewn@nottinghamlaw-mediation.com

- **Bruce David Pringle**
  bdpringle@msn.com

- **Joshua Robert Proctor**
  jproctor@levymorsewheeler.com,tjenkins@levymorsewheeler.com


*s/ Colleen H. Russell*
Colleen H. Russell, Legal Secretary

fb.us.6029296.01