IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

Plaintiff,

vs.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**PLAINTIFF'S MOTION TO COMPEL RE: SUBPOENA TO PRODUCE DOCUMENTS TO DR. HENRY ROTH**

---

Plaintiff, Dawnmarie Fiechtner, through counsel, pursuant to Fed.R.Civ.P. 45(c)(2)(B)(i), submits her Motion to Compel Re: Subpoena to Produce Documents to Dr. Henry Roth and states as follows:

<u>Certification Pursuant to D.C.COLO.LCivR 7.1</u>

Plaintiff's counsel also attempted to confer with defense counsel about the matters addressed in this motion via email on November 22, 2010. As of the time of filing of this motion, defense counsel has not responded.

1.  On November 8, 2010 Plaintiff served a subpoena to produce documents on Dr. Henry Roth. The subpoena sought four (4) categories of documents: (1) documents relating to American Family Mutual Insurance Company; (2) Dr. Roth's entire file relating to services performed for American Family Mutual Insurance Company; (3) agreements, contracts or other documents evidencing a business

1

relationship with Faegre & Benson, LLP and/or Lambdin & Chaney, LLP; and (4) documents showing the total dollar value of payments received from any insurance company, American Family Mutual Insurance Company, Faegre & Benson, LLP and/or Lambdin & Chaney, LLC, by year, from 2008 to the present, for any consulting and/or IME activities.  **Exhibit 1**, Subpoena to Dr. Roth.

2.   Dr. Roth did not produce the documents demanded, nor did he respond directly to the subpoena.  Rather, defense counsel served objections and limited responses on November 10, 2010.  **Exhibit 2**, 11/10/2010 letter from defense counsel to counsel for plaintiff.  However, the Court should not consider these objections, as pursuant to Fed.R.Civ.P. 45(c)(2)(B), only the non-party receiving the subpoena has standing to object to the subpoena absent some personal right or privilege held by a party and implicated by the subpoena.  *See Klesch & Co Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D.Colo. 2003).  If Defendant believed it had a basis for quashing the subpoena or obtaining a protective order, it should have so moved.  Therefore, because Dr. Roth has not provided any response to the subpoena, he should be compelled to comply with it.

3.   In the event the Court elects to consider defense counsel's response as that of Dr. Roth, the Court should still compel Dr. Roth to comply with the subpoena and produce the documents demanded.

4.   The objections asserted by defense counsel are not valid.  First, Mr. Williams does not represent Dr. Roth.

5.  The first objection was that the subpoena did not allow enough time for Dr. Roth to produce the documents. Dr. Roth has now had 14 days to produce the documents, which is ample time.

6.  The next objection made by defense counsel is that the subpoena is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, evidence of Dr. Roth's prior dealings with American Family and defense counsel, as well as the payments he receives, is relevant to Plaintiff's efforts to impeach Dr. Roth at trial.

7.  The final objection is that the subpoena is unduly burdensome because Dr. Roth does not track payments by insurance company. However, Dr. Roth has never stated or confirmed this on the record. This statement is argument of counsel. Further, it is unclear how burdensome this task would actually be. Moreover, even if it is true, this fact would not make the entire subpoena unduly burdensome, as several of the requests do not relate to tracking payments by insurance company.

8.  Following its objections, defense counsel purports to "respond" to the categories of documents demanded. However, these statements of counsel are insufficient to meet Dr. Roth's obligation to produce these relevant documents.

9.  As to categories 1 and 2, defense counsel states that Dr. Roth does not have any documents relating to American Family other than his file in Fiechtner, which he already produced. If this is true, Dr. Roth needs to state this under oath.

10. As to category 3, defense counsel states that Dr. Roth does not have any documents evidencing a business relationship between himself and defense counsel.

Seeing as how Dr. Roth has been retained in this case, it seems likely that there is some documentation regarding this relationship. However, if the representations of defense counsel are true, Dr. Roth needs to confirm this under oath.

11.  As to category 4, no response is given whatsoever.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an Order GRANTING this motion and the relief requested herein.

DATED: November 22, 2010.

        Respectfully submitted,

s/    *Marc R. Levy*
    Marc R. Levy
    LEVY, MORSE & WHEELER, P.C.
    6400 S. Fiddlers Green Circle, Suite 900
    Greenwood Village, Colorado 80111
    Telephone:  (303) 796-2900
    Facsimile:   (303) 796-2081
    mlevy@levymorsewheeler.com

    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2010, I electronically filed the foregoing **PLAINTIFF'S MOTION TO COMPEL RE: SUBPOENA TO PRODUCE DOCUMENTS TO DR. HENRY ROTH** with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail address:

    dwilliams@faegre.com
    jrock@faegre.com
    mmccarthy@faegre.com
    slambdin@lclaw.net
    shelbyj@fdazar.com
    bdpringle@msn.com
    ewn@nottinghamlaw-mediation.com
    martinez@barmarlaw.com
    barkley@barmarlaw.com
    dunnb@fdazar.com
    mlevy@levymorsewheeler.com
    jproctor@levymorsewheeler.com
    sckreider@levymorsewheeler.com
    tjenkins@levymorsewheeler.com

    s/   *Marc R. Levy*
    Marc R. Levy
    LEVY, MORSE & WHEELER
    Professional Corporation
    6400 S. Fiddlers Green Circle,
    Suite 900
    Greenwood Village, CO 80111
    Telephone: (303) 796-2900
    Facsimile:  (303) 796-2081
    mlevy@levymorsewheeler.com