IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

Plaintiff,

vs.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS AND DEPOSITION TESTIMONY**

---

Plaintiff, Dawnmarie Fiechtner, by and through her attorneys, submits her Response to Defendant's Motion to Maintain Confidentiality of Documents and Deposition Testimony (Doc. No. 185) and states as follows:

## I. INTRODUCTION

While Defendant takes issue with Plaintiff's "blanket objection to American Family's designation of materials as confidential," Defendant overlooks its own "blanket" designation of nearly all materials in this case as "confidential." It is Defendant's burden under the law and Protective Order to establish the designated documents and testimony are confidential. Plaintiff objects to Defendant's sweeping and apparently indiscriminate claims of confidentiality, and disputes that the designated documents and testimony are actually entitled to protection.

The Protective Order provides a mechanism for Defendant to designate information as "confidential." However, only those materials that are "confidential and implicate[ ] the propriety, confidential, competitively sensitive and/or trade secret information" may be designated as "confidential." (Protective Order, Doc No. 17, ¶ 3). Here, Defendant has elected to indiscriminately designate entire deposition transcripts and countless documents as "confidential," apparently without careful consideration as to whether the information in question is actually "confidential." This is an inappropriate use of the Protective Order, and Plaintiff objects to these blanket designations.

Defendant's complaints about Plaintiff's objection and the conferral process lack credibility. While Plaintiff agreed to the Protective Order mechanism, she did so in good faith believing that Defendant would appropriately and selectively designate materials as "confidential." Instead, and despite its legal burden, Defendant has made broad claims of confidentiality, and has never specifically delineated its designations or the basis therefor. Defendant's repeated and automatic designation of information as confidential has created a universe in which the volume of information designated as confidential is so great that it is impractical if not impossible for Plaintiff to parse through every line of every deposition designated as confidential to identify the countless lines of testimony that were improperly designated as confidential. Plaintiff has asserted a sufficient objection to this practice, and absent justification by Defendant for designating the information as confidential, the designation should be lifted.

Defendant's sweeping designation of documents and testimony as "confidential" has imposed significant inconvenience and undue burden on Plaintiff and her counsel.

2

For example, Plaintiff has been compelled to incur the time and expense of filing separate requests for leave to file countless pleadings under seal because they include reference to information Defendant has designated "confidential" in this case. This practice would be substantially limited if Defendant made appropriate confidentiality designations.

Moreover, Defendant's apparent intent in designating information as "confidential" appears to be to limit Plaintiff's counsel's ability to utilize otherwise appropriately obtained discovery and disclosure information in other cases involving American Family, not to protect a legitimate confidentiality interest in the materials themselves.

## II.   LEGAL AUTHORITIES AND ARGUMENT

1. When a party challenges a confidential designation under a protective order, the burden rests on the party maintaining the appropriateness of the designation to demonstrate it should not be lifted. *Gillard v. Boulder Valley School Dist. Re.-2*, 196 F.R.D. 382, 386 - 87 (D.Colo. 2000). Defendant's motion makes no such showing.

2. American Family has failed to exercise any discretion with respect to what information is, in fact, a confidential trade secret, and what information merely reflects ordinary business practices not necessarily subject to protection. Furthermore, American Family has failed to provide any explanation with respect to why any of these materials constitute "trade secrets" or otherwise are confidential in nature.

3. Importantly, none of the information identified as "confidential" to date appears to constitute sensitive, proprietary information normally thought of as "trade

3

secrets." *See, e.g., Kodekey Electronics, Inc. v. Mechanex Corp.*, 486 F.2d 449, 455 (10th Cir. 1973) (noting that "trade secrets" inherently involve information that provides a competitive advantage). American Family has not produced any information with respect to its underwriting techniques, actuarial data, or other sensitive information from which insurers normally derive competitive advantage. Rather, American Family is improperly attempting to protect as a "trade secret" its everyday processes and guidelines applicable to its claim-handling department.

4.    A party claiming information is a trade secret cannot simply designate a general area of information as containing unidentifiable trade secrets, but instead is required to articulate protectable trade secrets with specificity. *See AMP, Inc. v. Fleischhaker*, 823 F.2d 1199, 1203 (7th Cir. 1987). Further, a party claiming a trade secret must take precautions to prevent the information from becoming available to persons other than those selected by the party; these precautions must be more than mere normal business procedures. *Harvey Barnett, Inc. v. Shidler*, 143 F. Supp.2d 1247, 1252 (D. Colo. 2001).

5.    Under the *Harvey Barnett* analysis, factors relevant in determining whether designated information is a "trade secret" include;

(1)    the extent to which the information is known outside the business;

(2)    the extent to which the information is known to those inside the business;

(3)    the precautions taken by the holder of the trade secret to guard the secrecy of the information;

(4)    the savings effected and the value to the holder in having the

4

information as against competitors;

(5) the amount of effort or money expended in obtaining and developing the information; and

(6) the amount of time an expense it would take for others to acquire and duplicate the information

*Id.* at 1251-1252 (citation omitted).

6. Trade secret protection may be warranted where the party seeking such protection demonstrates that it advised employees that the information was a trade secret, limited access to a "need to know" basis, or controlled access to the location where the information was accessed. *Id.* American Family has made no such showing.

7. While it is not Plaintiff's burden to point out each and every instance in which Defendant has blatantly misused its ability to designate information as confidential, an obvious example can be seen through Defendant's designation of entire deposition transcripts as confidential, without regard for which portions do or do not contain confidential information.

8. For instance, Defendant designated the entire 10/12/2010 deposition of Pam Alsup as confidential. (**Exhibit 1**, 10/12/2010 Deposition of Pam Alsup, p. 226:16 – 18). The deposition included Ms. Alsup stating her name, indicating what she had done to prepare for deposition, and answering questions regarding the purpose claim notes serve. (**Exhibit 1**, pp. 2 – 10). This information was all designated confidential despite the fact that no colorable argument can be made in support of confidentiality.

9. Plaintiff requested, on the record, that Defendant explain which portions of the depositions it intended to designate as confidential. Counsel for Defendant refused to

5

do so on the record, and promised to set out which portions were being designated as confidential within 30 days pursuant to the terms of the protective order. (See **Exhibit 2**, Deposition of Greg Owen, pp. 266:17 – 267:20). Counsel for Defendant never followed through on his promise.

10. The blanket designations used by Defendant represent a clear abdication of Defendant's obligations under the Protective Order. Defendant has an obligation to only designate documents as "confidential" if they meet the definition of that term as set forth in the Protective Order.

11. It is disingenuous for Defendant to now claim that Plaintiff's corresponding objection to the Defendant's improper use of its confidential designations are improper "blanket" objections when Defendant has used its own blanket designations of nearly all materials in this case. Defendant has repeatedly and intentionally designated substantial volumes of information as confidential without regard for whether the information actually met the definition of "confidential" set forth in the Protective Order, yet now complains that Plaintiff has not gone through Defendant's blanket designations line by line to point out where Defendant has abused the designations. This is not Plaintiff's burden.

12. Moreover, one of the effects of Defendant's improper designations is unduly limiting the public's access to judicial records in this case by requiring countless pleadings and documents to be filed with the Court "under seal." As a general proposition, the public has an interest in and right of access to judicial records. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). This right is premised upon the recognition that public monitoring of the

6

courts fosters important values such as respect for the legal system. See In re Providence Journal Co., 293 F.3d 1, 9 (1st Cir.2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." M.M. v. Zavaras, 939 F.Supp. 799, 801 (D.Colo.1996) (J. Kane). There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. See United States v. McVeigh, 119 F.3d 806, 811 (10th Cir.1997). It is within the district court's discretion to determine whether a particular court document should be sealed. See Nixon, 435 U.S at 599. D.C. Colo. L. Civ. R. 7.2 requires a party seeking sealing of a document to show "compelling" reasons for doing so. Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. Cf. McVeigh, 119 F.3d at 814. In considering the validity of Defendant's designations, the Court must be mindful of the general presumption that this is a public proceeding, and that American Family should not be permitted to wholesale shield its activities from public view.

13. Defendant's failure and refusal to justify its use of confidential designations, as well as its refusal to specify precisely what information it claims is confidential warrants a lifting of Defendant's confidential designations in this case.

7

### III.   CONCLUSION

Defendant's abuse of the Protective Order is clear.  Despite its obligations under the Protective Order and promises made on the record to limit its designations to information that may actually be confidential, Defendant's claim of confidentiality is overbroad and unjustified.  Defendant has failed to present any colorable argument to sustain its burden to justify its confidentiality designations.  For these reasons, Defendant's confidential designations should be lifted.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court enter an Order DENYING Defendant's Motion to Maintain Confidentiality of Documents and Deposition Testimony (Doc. No. 185).

Respectfully submitted,

s/ *Marc R. Levy*
Marc R. Levy
Joshua R. Proctor
LEVY, MORSE & WHEELER, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Englewood, Colorado 80111
Telephone:   (303) 796-2900
Facsimile:   (303) 796-2081
mlevy@levymorsewheeler.com
jproctor@levymorsewheeler.com
Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2010, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO MAINTAIN CONFIDENTIALITY OF DOCUMENTS AND DEPOSITION TESTIMONY** with the Clerk of Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following e-mail address:

>dwilliams@faegre.com
>jrock@faegre.com
>mmccarthy@faegre.com
>slambdin@lclaw.net
>dunnb@fdazar.com
>martinez@barmarlaw.com
>barkley@barmarlaw.com
>ewn@nottinghamlaw-mediation.com
>mlevy@levymorsewheeler.com
>jproctor@levymorsewheeler.com
>skreider@levymorsewheeler.com
>tjenkins@levymorsewheeler.com

>s/ *Marc R. Levy*
>Marc R. Levy
>Joshua R. Proctor
>LEVY, MORSE & WHEELER
>Professional Corporation
>6400 S. Fiddlers Green Circle, Suite 900
>Englewood, Colorado 80111
>Telephone: (303) 796-2900
>Facsimile: (303) 796-2081
>mlevy@levymorsewheeler.com

9