IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant's Motion to Maintain Confidentiality of Frame-Heiman Deposition Excerpts Pursuant to Protective Order [filed November 16, 2010; docket #167 (sealed #161)]; Defendant's Motion for Order to Maintain Confidentiality of Documents and Deposition Testimony [filed November 22, 2010; docket #185]; and Plaintiff's Motion to Compel Re: Subpoena to Produce Documents to Dr. Henry Roth [filed November 22, 2010; docket #190]. These matters are referred to this Court for disposition. The motions are fully briefed, and oral argument would not assist the Court in its adjudication. The Court addresses each motion in turn, as follows.

**I. Defendant's Motion to Maintain Confidentiality of Frame-Heiman Deposition Excerpts Pursuant to Protective Order [filed November 16, 2010; docket #167 (sealed #161)]**

Defendant asks the Court to order Plaintiff to keep confidential excerpts from the deposition of Defendant's employee Chris Frame-Heiman. Defendant represents that these excerpts concern "discussion of competitively sensitive confidential information and confidential documents, such as orientation manuals used to train American Family staff and the recommendations of consultants

commissioned to advise American Family about its corporate structure." (Docket #161 at 2-3.) Defendant designated these excerpts as confidential pursuant to the Protective Order entered in this matter. Plaintiff objected to these designations, thus Defendant filed the motion at hand.

Defendant believes that balancing the interests contemplated by Fed. R. Civ. P. 26(c)(1)(G) favors Defendant's position of confidentiality. (Docket #161 at 3-4.) Plaintiff disagrees and argues that the designated testimony does not fall in the category of "trade secrets" warranting protection. (Docket #205 at 1.) Plaintiff asserts that "the information appears to relate to nothing more than American Family's ordinary business practices," thus the excerpts should be public. (*See id*. at 4-5.)

In reply, Defendant contends that whether the disputed information constitutes trade secrets is not a necessary finding, as the Protective Order allows protection for competitively sensitive information regardless of whether it is a trade secret. (Docket #210 at 1-2.) Defendant avers that the materials upon which the deposition testimony is based, *i.e.*, "documents . . . created for purposes such as training new employees, creating the most efficient corporate structure for the organization, and claims handling processes and procedures," are maintained by Defendant "in confidence to protect the competitive advantage the materials confer on the company." (*Id*. at 3.) Defendant represents that these are not materials available to the public. (*Id*. at 4.) Defendant further believes that disclosure of these materials will prejudice Defendant, whereas Plaintiff "provides no rationale as to why she needs to disclose the confidential excerpts from the Frame-Heiman deposition transcript outside this litigation." (*Id*. at 5.)

The entered Protective Order governs disclosure of "information that is confidential and implicates the proprietary, confidential, competitively sensitive and/or trade secret information of American Family." (Docket #17 at 1-2.) The Court finds that Defendant, as the party designating the information as confidential, meets its burden of establishing that good cause exists for treating

the deposition excerpts as confidential. (*See id*. at 4.) After review of the deposition excerpts, the Court agrees with Defendant's analysis of these information as competitively sensitive, which falls squarely within the parameters of the Protective Order. Accordingly, the Court **GRANTS** Defendant's Motion to Maintain Confidentiality of Frame-Heiman Deposition Excerpts Pursuant to Protective Order [filed November 16, 2010; docket #167 (sealed #161)]. Pages 9-11, 86-87, 231-232, 238, 249-250, 263-269, 271-283, 286-293, 320-327, and 335-336 of the Frame-Heiman deposition shall be maintained as confidential and subject to the governing Protective Order.

## II. Defendant's Motion for Order to Maintain Confidentiality of Documents and Deposition Testimony [filed November 22, 2010; docket #185]

Defendant represents that "Plaintiff has asserted a blanket objection to American Family's designation of materials as confidential as agreed by the Protective Order." (Docket #185 at 2.) Defendant does not believe that this blanket objection comports with the terms of the Protective Order, and thus asks the Court to require Plaintiff "to maintain the confidentiality of the designated documents and deposition testimony, as required by the stipulated Protective Order." (*Id*.) Defendant avers that the materials it has designated as confidential "contain proprietary or competitively sensitive confidential information that American Family is entitled to protect from disclosure to those outside this lawsuit." (*Id*. at 3.) Defendant cites to *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382 (D. Colo. 2000) for the proposition that Plaintiff has "no right to make unrestricted disclosure of the information obtained through discovery." (*Id*. at 4.)

In response, Plaintiff asserts that Defendant has "indiscriminately" designated numerous materials as confidential. (Docket #204 at 2.) Plaintiff claims prejudice due to "incur[ring] the time and expense of filing separate requests for leave to file countless pleadings under seal." (*Id*. at 3.) Plaintiff believes her counsel's ability to use discovery disclosed in this case in other cases not

before this Court is inappropriately limited. (*Id*.) Plaintiff argues that the materials Defendant seeks to protect are not actually trade secret, thus they should not be subject to the Protective Order. (*See id*. at 3-4.)

An example referred to by Plaintiff is Defendant's designation of an entire deposition transcript as confidential, without providing information regarding which portions of the deposition should be subject to the Protective Order. (Docket #204 at 6.) Plaintiff further contends that, in consideration of the public interest in open judicial proceedings, the Court should lift all of Defendant's confidential designations in this case.

Defendant reiterates its position that confidential materials do not have to be "trade secret" to be protected. (Docket #214 at 2.) Defendant asserts that "particular claims handling procedures and administration, training of employees, and efficient organization of the corporate structure" constitute competitively sensitive information deserving of protection. (*Id*. at 3.) Regarding the deposition transcript challenged by Plaintiff, Defendant cites to the Protective Order's provision permitting the designation of a deposition as confidential when the deposition involves the disclosure of confidential information. (*Id*. at 4 (citing docket #17 at 3).) Defendant emphasizes that Plaintiff's general objection does not comport with the procedure for challenging confidentiality designations in the Protective Order, because such challenge must be to "particular" information and must identify the information to which the objection is made. (*Id*. at 5-6.)

The Court believes the plain terms of the Protective Order require granting Defendant's motion. As stated above, the Court agrees with Defendant that confidential materials do not have to be trade secrets to fall within the parameters of the governing Protective Order. (*See* docket #17 at 1-2.) Furthermore, the Protective Order itself provides for challenging designations of confidentiality and reasonably requires identification of the challenged materials with particularity.

(*See id*. at 3-4.) The Court declines to permit Plaintiff to side-step her obligations pursuant to the governing order by asserting an apparent post hoc general challenge to every confidentiality designation made by Defendant since the entry of the Protective Order nearly five months ago.

If Plaintiff felt prejudiced by having to file certain materials under seal, she should have challenged the procedure at that time, pursuant to the challenge mechanism within the Protective Order. This assertion of prejudice does not persuade the Court that a sweeping lift of Defendant's confidentiality designations is due. Plaintiff's belief that Defendant's confidentiality designations are designed to preclude Plaintiff's counsel from using discovery obtained in this case in other cases is no more persuasive. This Court has no jurisdiction over any such case and declines to abrogate the parties' stipulated agreement regarding the confidentiality of documents on this basis. Accordingly, Defendant's Motion for Order to Maintain Confidentiality of Documents and Deposition Testimony [filed November 22, 2010; docket #185] is **GRANTED**. The terms of the governing Protective Order remain intact, as do Defendant's confidentiality designations to date.

**III. Plaintiff's Motion to Compel Re: Subpoena to Produce Documents to Dr. Henry Roth [filed November 22, 2010; docket #190]**

In her reply, Plaintiff narrowed this request to an order compelling the documentation sought by item four in the subpoena duces tecum issued to Dr. Roth. (*See* docket #212 at 2-3.) Plaintiff demands production of "[d]ocuments sufficient to show the total dollar value of payments received from any insurance company, American Family Mutual Insurance Company, Faegre & Benson, LLP, and/or Lambdin & Chaney, LLP, by year, from 2008 to the present, for any consulting and/or IME activities." (Docket #190-1 at 2-3.) Plaintiff believes this documentation is reasonably calculated to lead to the discovery of evidence of Dr. Roth's defense bias for the jury's consideration. (Docket #212 at 3.)

Defendant argues that "[t]his request is irrelevant, overbroad and unduly burdensome in four respects:" 1) information from any insurance company other than American Family is irrelevant to this lawsuit; 2) Dr. Roth's consultation activities include circumstances distinguishable from this case, thus the request is overly broad; 3) "most of the payment information regarding payments from insurance companies or counsel does not exist;" and 4) the request is unduly burdensome in that it would require "an entire business day of Dr. Roth's." (*See* docket #200.)

Defendant included with its response a declaration made by Dr. Roth. (Docket #200-1.) As to item four, Dr. Roth avers that he does "not track payments by insurance company," and "once an amount receivable has been paid, [he does] not keep an accounting record related to that receivable." (*Id*. at 2.) Dr. Roth represents that information of "the total amount of payments received from any insurance company, including American Family, largely does not exist." (*Id*.) Dr. Roth explains that finding this information "would require a file-by-file review" of existing files, and "such a review would take approximately 8 hours." (*Id*.)

The Court agrees with Plaintiff's contention that the information requested could be ascertained through bank (or other office or financial institution) records. The Court believes that like any litigant, Plaintiff should have access to information relevant for impeachment purposes, here, bias on the part of Defendant's expert. The Court does not find compelling Dr. Roth's statement of burdensomeness, particularly given the limited temporal scope of the request. Accordingly, to the extent the information exists or is attainable through financial or business records, the Court **GRANTS** Plaintiff's Motion to Compel Re: Subpoena to Produce Documents to Dr. Henry Roth [filed November 22, 2010; docket #190]. Dr. Roth shall produce the requested information to Plaintiff on or before **December 14, 2010**.

## IV. Conclusion

The Court **GRANTS** Defendant's Motion to Maintain Confidentiality of Frame-Heiman Deposition Excerpts Pursuant to Protective Order [filed November 16, 2010; docket #167 (sealed #161)]; **GRANTS** Defendant's Motion for Order to Maintain Confidentiality of Documents and Deposition Testimony [filed November 22, 2010; docket #185]; and **GRANTS** Plaintiff's Motion to Compel Re: Subpoena to Produce Documents to Dr. Henry Roth [filed November 22, 2010; docket #190] as stated herein.

Dated at Denver, Colorado, this 7th day of December, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge