IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are Plaintiff's Motion to Compel Disclosure and Discovery Re: Defendant's Defenses and Supplemental Discovery Responses [filed November 18, 2010; docket #174] and Plaintiff's Motion to Modify Scheduling Order to Permit Additional Discovery [filed November 18, 2010; docket #175]. These matters are referred to this Court for disposition. The motions are fully briefed, and oral argument would not assist the Court in its adjudication.

    In consideration of the present trial schedule governing this case, the Court streamlines its analysis of these motions as follows. The two motions are interrelated and can be reduced, in essence, to two areas of dispute: 1) discovery related to Defendant's failure to cooperate defense and 2) discovery related to Defendant's comparative negligence defense including, as Plaintiff asserts, Defendant's denial of liability for Plaintiff's claim. The Court **GRANTS IN PART** Plaintiff's motions in one limited area; all other requests, including the request for fees, are **DENIED**.

    Defendant withdrew its affirmative defense of failure to cooperate on November 17, 2010 (docket #165), thus any request for discovery related to this affirmative defense is **denied as moot** and as irrelevant. Regarding the comparative negligence defense, or as Plaintiff contends,

Defendant's "new" position that it believes Plaintiff's UM/UIM claim is invalid under the policy for the alleged injuries in her Complaint, the Court concludes that one half-day (3.5 hours) deposition of one 30(b)(6) witness designated by Defendant, for the purpose of clarifying in a final manner Defendant's liability defense, is a reasonable remedy for the present dispute.

Plaintiff's assertion that Defendant's liability defense is "new" relies on a supplement to Defendant's written discovery responses proffered to Plaintiff on November 12, 2010. In this supplement, Defendant avers it attempts to clarify testimony by Mr. Haberland at his deposition related to Defendant's prior statement that "American Family denies that Plaintiff sustained any injuries caused by the legal claims asserted in the Complaint." (Docket #206 at 3.) Defendant represents that this statement is related to Defendant's comparative negligence defense, previously raised in its Answer and its June and July 2010 discovery responses. (*Id*.) The supplementation "revised" the above statement as follows: "Without waiving these objections, American Family denies that Plaintiff has a valid claim under her UM/UIM Policy for any injuries sustained in the accident described in the Complaint." (Docket #174-1 at 2-3.) Plaintiff argues that this revision constitutes a "sea-change" for this lawsuit, in that Defendant has now made a concrete claim determination in the midst of litigation.

On one hand, the Court accepts Defendant's representation that it has disputed liability for Plaintiff's claim dating from before Plaintiff filed suit. Defendant produced a letter dated March 27, 2008, from Defendant to Mr. Barry Dunn, an attorney of record for Plaintiff in this matter, stating Defendant's position that Plaintiff "would not be entitled to an uninsured motorist injury claim under this policy" because Plaintiff was "the proximate cause of this accident." (Docket #202-1 at 2.) In Defendant's June and July 2010 discovery responses, Defendant identified "the pending liability issue" in addition to the issue of valuing Plaintiff's alleged damages. (*See* docket #175-2 at 6.) Defendant explained that it raises the comparative negligence defense "because Plaintiff has the

2

burden of proving that this accident was caused by the alleged phantom vehicle, rather than by Plaintiff negligently losing control of her own vehicle." (Docket #174-3 at 8.) Defendant additionally represented its position on the lawsuit generally, stating "[t]his is simply an Uninsured Motorist benefits claim for which the issues of liability and compensatory damages are in dispute." (*Id*.)

On the other hand, Plaintiff identifies deposition testimony of Defendant's witness, Ms. Campman, taken on July 22, 2010, that "coverage had been extended" to Plaintiff at the time Ms. Campman received the file, thus Ms. Campman handled Plaintiff's claim as a UM claim. (Docket #215 at 4-5; *see* docket #215-1 at 3.) Plaintiff contends that this testimony corroborates a prior assertion by Defendant that Plaintiff's "claim is nothing but a 'value dispute' and affirm[ation] that coverage was not at issue when it made its benefit decision." (Docket #214 at 6.) Plaintiff believes that this defense is not part of Defendant's comparative negligence defense, but in fact, constitutes a complete defense to liability, which Defendant did not raise in its Answer. (*Id*. at 7.)

The Court believes Plaintiff raises a legitimate issue that should be clarified by Defendant. Upon the Court's own review of the record, there appears to be some variation in Defendant's position, apparently conclusively stated in March 2008 and now, November 2010. Plaintiff's Complaint, filed in this Court on November 16, 2009 but dated October 23, 2009, does not include, as far as this Court can tell, a claim based on denial of her insurance claim, but rather allegations based on denial of the full amount of damages she believed were due under her UM/UIM policy. (*See* docket #1-2.) Defendant's Motion for Partial Summary Judgment, recently denied by the District Court, challenged Plaintiff's claim of bad faith, characterizing it as "nothing more than a value dispute." (*See* docket #33 at 3.) The material facts listed in Defendant's Motion for Partial Summary Judgment detail the claim handling and do not indicate a position that Defendant believed the claim itself was invalid. (*See id*. at 10-11.) The Court recognizes as also legitimate Defendant's

3

position that its discovery responses in June and July 2010 demonstrate that Defendant challenges liability, but the Court can also see why such responses, in light of the revised statement presented by Defendant on November 12, 2010, may lack the clarity reflected by the revised statement.

Accordingly, the Court believes clarification is necessary. The Court **GRANTS** Plaintiff's motions as follows. Defendant shall produce a 30(b)(6) deposition witness to testify about the alleged inconsistencies of Defendant's position on its liability, as described above. The Court uses the term "inconsistencies" as a factual descriptor, not as a legal conclusion. The 30(b)(6) witness must be a person with authority to speak conclusively about the revised statement, as well as prepared to explain the perceived variation in Defendant's position as to its liability for Plaintiff's UM/UIM claim. The Court emphasizes to Defendant that the 30(b)(6) witness must be fully prepared to discuss this issue. The Court emphasizes to Plaintiff that it must not abuse this opportunity for an additional deposition and must confine its questions to the parameters set forth herein.

The Court realizes that this holding is likely distasteful for both parties; however, neither side has clean hands, from the Court's perspective. At this point, Defendant's position appears, in the most simple term, confusing. Plaintiff's position appears to be of her own making at least in part, given the information available to her, albeit subject to interpretation, about Defendant's position on liability dating from before Plaintiff commenced her suit.

The Court limits this deposition to **3.5 hours**. The deposition must occur on or before Tuesday, **December 14, 2010**. The parties may submit their proposed Final Pretrial Order by the close of business on Wednesday, **December 15, 2010**, in preparation for the Final Pretrial Conference scheduled for Friday, **December 17, 2010**.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel Disclosure and Discovery Re: Defendant's Defenses and Supplemental Discovery

4

Responses [filed November 18, 2010; docket #174] and Plaintiff's Motion to Modify Scheduling Order to Permit Additional Discovery [filed November 18, 2010; docket #175] **as stated herein**.

Dated at Denver, Colorado, this 8th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge