IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02681-REB-MEH

DAWNMARIE FIECHTNER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel & Objection to Documents from Defendant's Privilege Log [filed November 22, 2010; docket #189]. Plaintiff asks the Court to order Defendant to more adequately describe withheld documents in its proffered privilege log, compel disclosure of the withheld documents due to the inadequate log, or order *in camera* review of the allegedly privileged documents. (*See* docket #213 at 3-4.)

Plaintiff asserts that Defendant's privilege log is inadequate pursuant to Fed. R. Civ. P. 26(b)(5), because the log "does not make any showing as to what documents involved ordinary claims handling that Defendant chose to be performed by attorneys, and what documents involved actual litigation strategy and preparation." (Docket #213 at 2.) Plaintiff believes Defendant impermissibly classifies as privileged documents relevant to the insurance handling of Plaintiff's claim that were conducted by attorneys, but do not actually fall within the parameters of attorney-client privilege or work product protections. Plaintiff alleges the withheld documents are relevant to discovery on Defendant's "continuing duty to handle [Plaintiff's] claim in good-faith until the final resolution of the claim, including litigation." (Docket #189 at 2.)

Defendant argues that "Plaintiff has not, however, asserted a claim based on litigation

conduct." (Docket #201 at 2.) In the absence of such claim, Defendant believes that case law supports its position that evidence of attorney conduct during litigation is not permissible to bolster a bad faith claim. (*Id*. at 1-2.) Defendant represents that it "has produced non-privileged portions of its legal file, and in-house counsel John Haberland answered questions, in a manner not revealing privileged communications or work product, about American Family's conduct after litigation commenced." (*Id*. at 4.) Defendant believes the documents listed on its privileged log are properly protected from disclosure by the attorney-client privilege and work product doctrine.

Both parties address *Hawkins v. District Court*, 638 P.2d 1372 (Colo. 1982). In *Hawkins*, the Colorado Supreme Court concluded that "reports and witness' statements compiled by or on behalf of the insurer in the course of [investigating a claim] are ordinary business records as distinguished from trial preparation materials." 638 P.2d at 1378. However, the court noted that investigative conduct can shift "from an ordinary business activity to conduct 'in anticipation of litigation.'" *Id*. *Hawkins* dealt primarily with a discovery request for investigative reports and witnesses' statements assembled by an insurance adjustor.

Here, in essence, Plaintiff contends that the privilege log provided by Defendant is inadequate for Plaintiff to determine whether the documents are properly withheld as materials prepared for litigation, not materials prepared for ordinary investigation. Plaintiff suggests that *in camera* review is the appropriate mechanism for resolving this question. (*See* docket #213.) However, Defendant correctly states that *in camera* review must be supported by "'a showing of a factual basis adequate to support a good faith belief by a reasonable person' that *in camera* review of the materials may reveal evidence" demonstrating that the privilege is improperly asserted. (Docket #201 at 10 (citing *People v. Madera*, 112 P.3d 688, 690 (Colo. 2005) (internal citation omitted)).) There is no such showing here. Plaintiff simply states that she "suspects the privilege log over-inclusively encompasses documents detailing [Defendant's] continuing investigation and

evaluation of [Plaintiff's] entitlement to benefits." (Docket #189 at 4.)  The Court declines to find an adequate factual showing based on mere suspicion.

That said, the Court does find one document listed on the privilege log that should be produced for *in camera* review, simply due to the description of the document indicating a stronger relation to business practice rather than litigation preparation: the 9/16/10 email from Mr. Haberland to Ms. Gibbons regarding reserves.  (*See* docket #189-1 at 3.)  After review of the remaining entries within the privilege log, the Court finds no indication that the communications listed on the privilege log are documents prepared in the ordinary course of Defendant's business of adjusting Plaintiff's insurance claim.  Each entry, whether inclusive of outside counsel as the author or recipient, or with clear indication in the description that the document is directly related to litigation (*e.g.*, "communication re: deposition issue" (docket #189-1 at 2)), appears to the Court to be within the parameters of attorney-client privilege and work product protection.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Compel & Objection to Documents from Defendant's Privilege Log [filed November 22, 2010; docket #189] as stated herein.  Defendant shall produce the 9/16/10 email to Chambers for *in camera* review before the *close of business* on Monday, **December 13, 2010**.

Dated at Denver, Colorado, this 10th day of December, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge