IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 09-cv-02681-WJM-MEH

DAWNMARIE FIECHTNER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTIONS IN LIMINE
## RE: POST-LITIGATION CONDUCT

Before the Court is Defendant American Family Mutual Insurance Company's Motion in Limine seeking to exclude evidence related to Defendant's post-litigation conduct. (ECF No. 240.) At oral argument on July 11, 2011, the Court reserved ruling on the Motion. (ECF No. 300.) On July 13, 2011, the Court granted the Motion in Limine in so far as it sought to exclude evidence regarding the post-litigation conduct of outside counsel stating: "Plaintiff will not be permitted to argue that outside counsel's conduct in defending against this action was evidence of bad faith on the part of American Family." (ECF No. 301.) With respect to the actions of Defendant's in-house attorneys, the Court ordered the parties to submit further briefing on the following:

> (1) the specific evidence that Plaintiff seeks to admit with
> respect to post-litigation conduct of attorneys employed by
> American Family; (2) why that evidence is relevant, given the
> Court's July 11, 2011 oral ruling on the possible relevance of
> post-litigation conduct with respect to American Family's

> non-attorney employees; (3) how the evidence Plaintiff
> seeks to admit is more probative than prejudicial; and (4)
> how/why that evidence is not subject to attorney-client
> privilege and/or work product (e.g., employee was not acting
> as attorney when action taken, attorney's conduct is not a
> communication for privilege purposes, etc.)

(*Id*.) Having received that supplemental briefing, the Court hereby GRANTS in part and DENIES in part Defendant's Motion in Limine as it pertains to Defendant's in-house attorneys.

From the parties' supplemental briefing, it appears that only one in-house attorney was involved in this case, John Haberland. Plaintiff identifies three categories of evidence regarding Haberland's post-litigation which she seeks to admit evidence relevant to: (1) Haberland's evaluation and adjustment of Plaintiff's uninsured motorist claim after litigation commenced; (2) Haberland's attestation to discovery responses that he knew were false or deficient; and (3) Haberland's approval of the Answer filed in this case asserting a comparative negligence affirmative defense. (ECF No. 311[1] at 3.) The Court will address each category of evidence in turn below.

## A. Evidence Re: Ongoing Duty to Evaluate and Adjust Plaintiff's Claim

Plaintiff seeks to admit evidence related to whether, and to what extent, Haberland continued to evaluate and adjust Plaintiff's uninsured motorist claim after the instant litigation commenced.

The issue underlying whether Plaintiff can introduce evidence regarding

---

[1] The Court notes Plaintiff's supplemental briefing is filed under seal due to the confidentiality of portions of the evidence filed in support of such briefing. The Court will refrain from citing the confidential evidence and, therefore, sees no reason why this Order should be filed under seal.

Haberland's post-litigation conduct is to what extent Defendant had an ongoing duty of good faith and fair dealing with respect to Plaintiff once this litigation was filed. Plaintiff contends that Defendant had a duty to continue to evaluate her claim despite the pendency of litigation. Defendant argues that, once litigation commenced, it was adversarial to Plaintiff and, therefore, had no duty to settle her claim.

The Court need not resolve this dispute to address the instant issue of the admissibility of Haberland's post-litigation conduct. While the scope of the Defendant's duty of good faith and fair dealing may have changed when Plaintiff filed this lawsuit, there is no dispute that some duty continued to exist. The Colorado Court of Appeals has held: "The duty of good faith continues as long as the insurer-insured relationship exists. Thus, the tort of bad faith breach of an insurance contract encompasses 'all of the dealings between the parties, including conduct occurring after the arbitration procedure.'" *Parsons ex rel. Parsons v. Allstate Ins. Co.*, 165 P.3d 809, 815 (Colo. App. 2006) (quoting *Dale v. Guar. Nat'l Ins. Co.,* 948 P.2d 545, 552 (Colo. 1997)).

It appears undisputed that, once litigation commenced, Plaintiff's file was reassigned from the claim adjuster to Haberland in the legal department. From that point forward, whatever duty of good faith and fair dealing Defendant owed to Plaintiff would have been discharged by Haberland's actions. Thus, Haberland's post-litigation conduct is relevant to Plaintiff's bad faith claim.

The remaining question, therefore, is whether the fact that Haberland was an attorney employed by Defendant affects this analysis. While the Court has no doubt that Haberland was acting as an attorney with respect to some of his duties, and that

some of his resulting actions or communications would therefore be privileged, at least to some extent, Haberland was acting as a claims adjuster rather than an attorney. His actions in this capacity are not protected by any attorney privilege or work-product doctrine.

Colorado law clearly permits introduction of evidence of post-litigation conduct as a basis for a bad faith claim. *Dale*, 948 P.2d at 552 (stating that the common law tort claim of bad faith "included the entire course of the insurer's conduct with respect to Dale's benefits until the time of trial."). While there are concerns about allowing the presentation of evidence of attorney post-litigation conduct because an insurance company has the right to vigorously defend itself in any adverse action, *see Parsons*, 165 P.3d at 817-19, these concerns do not extend to an employee who is tasked with investigating and adjusting a claim. The fact that Haberland is an attorney does not shield all of his post-litigation conduct from inquiry.

Thus, the Court will permit Plaintiff to introduce evidence related to Haberland's post-litigation conduct to the extent it involves Haberland's activities as a claims adjuster rather than an attorney and Defendant's Motion in Limine is DENIED in this respect.[2]

## B. Inadequate and/or Inaccurate Discovery Responses

Plaintiff seeks to admit evidence related to the fact that Haberland signed the verification page of discovery responses that were inaccurate or inadequate. Plaintiff

---

[2] Plaintiff's supplemental briefing cites depositions of Dylan Lewis and John Craver taken in another action in support of his argument. Plaintiff fails to explain how this prior deposition testimony is not hearsay. The Court notes that neither of these deponents are listed in the parties' Final Witness Lists. Thus, the Court questions the admissibility in this action of the statements made by Lewis and Craver.

cites evidence showing that Haberland admitted in his deposition that he did not understand certain discovery responses drafted by outside counsel but signed off on their accuracy anyway.

The Court has already ruled that post-litigation conduct of outside counsel is not admissible and views Plaintiff's attempt to introduce evidence of the discovery responses prepared by outside counsel as an end-run around this ruling. The Court will not permit evidence related to how outside counsel chose to defend against this action.

Moreover, having reviewed the evidence cited by Plaintiff, the Court finds that it is not probative of a bad faith claim. At worst, Haberland did not understand all of the discovery responses drafted by outside counsel. This is not probative of whether Defendant's consideration of Plaintiff's uninsured motorist claim was in bad faith.

If Plaintiff was concerned about the accuracy of Defendant's discovery responses, the proper remedy would have been to seek sanctions against Defendant and its counsel for violation of the Federal Rules of Civil Procedure. The Court will not allow Plaintiff to confuse the jury on the bad faith claim by admitting irrelevant evidence about unclear discovery responses at trial. Thus, Defendant's Motion in Limine is GRANTED to the extent it seeks to exclude evidence of Haberland having attested to Defendant's discovery responses.

**C.     Inclusion of Comparative Negligence Defense in Amended Complaint**

Plaintiff seeks to admit evidence that Haberland signed off on the Answer filed in this case, which asserted the affirmative defense of comparative negligence, even though he allegedly knew that Defendant had waived such defense.

The Court earlier denied Plaintiff's Motion in Limine regarding Defendant's comparative negligence defense. The Court ruled that Defendant will be permitted at trial to introduce evidence regarding Plaintiff's negligence and will be permitted to argue that Plaintiff has not shown a breach of contract because she was more than fifty percent liable for the accident at issue.

Given this ruling, Plaintiff's contention that Defendant waived its comparative negligence defense is unfounded. Thus, the Court sees limited value in any evidence suggesting that Haberland acted in bad faith because he allowed outside counsel to assert a valid defense. This again seems to be an attempted end-run around the Court's prior ruling on the admissibility of outside counsel's litigation strategy. Accordingly, Defendant's Motion in Limine is GRANTED in so far as it pertains to Haberland's supervision of outside counsel with respect to the filing of the Answer in this case.

**D.     Conclusion**

The parties appear to agree that only one in-house attorney, John Haberland, will be a witness in this case. The Court will permit Plaintiff to question Haberland regarding his non-attorney duties, including his actions (if any) related to evaluating or adjusting Plaintiff's claim once it was assigned to him. The Court will not permit Plaintiff to question Haberland regarding the actions of outside counsel and Haberland's approval or supervision of those actions.

Dated this 13th day of September, 2011.

BY THE COURT:

William J. Martínez
United States District Judge