IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No.  09-cv-02681-WJM-MEH

DAWNMARIE FIECHTNER,

　　　Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

　　　Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND/OR MOTION IN LIMINE RE: PLAINTIFF'S USE OF EVIDENCE FROM OTHER CLAIMS AND/OR LITIGATION INVOLVING AMERICAN FAMILY

---

The only remaining motion in this case is Defendant's Motion to Strike and/or

Motion in Limine Re: Plaintiff's Use of Evidence From Other Claims and/or Litigation

involving American Family.  Defendant argues that, because bad faith claims are

necessarily individualized, evidence relating to how it handled other claims is irrelevant.

Thus, Defendant moves to exclude any evidence of claims against policies other than

Plaintiff's claim under FRE 402 and 403.

Plaintiff contends that the evidence is relevant to "demonstrate knowledge and

intent on the part of American Family" to adjust first party claims in bad faith.  (ECF No.

251 at 1-2.)  Plaintiff contends that evidence of American Family's handling of other

claims will show that Defendant's bad faith in Plaintiff's case was not an "honest

mistake, but rather the result of an institutional practice purposefully enacted and

implemented by American Family." (*Id*. at 2.)  Plaintiff also alleges that this evidence is

relevant to the "reprehensibility" of American Family's conduct for the purposes of

punitive damages.  (*Id.*)

At oral argument on the Motion, the Court reserved ruling and ordered Plaintiff to

submit an offer of proof as to what specific facts these witnesses would testify.  Plaintiff

has submitted such offer of proof and the Court has reviewed this material.

## A.    Bad Faith Claim

The Court finds that the proffered evidence has little relevance to the merits of

Plaintiff's bad faith claim.  To prevail on her bad faith claim, Plaintiff must show that

Defendant acted: (1) unreasonably; and (2) with knowledge of or reckless disregard of

its unreasonableness.  *Dale v. Guaranty Nat. Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997).

The reasonableness of the insurer's conduct must be determined objectively, based on

proof of industry standards.  *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1274 (Colo.

1985).  Typically expert testimony is required to prove the relevant industry standards.

*Bankruptcy Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 524 (Colo. App. 2008).

None of the proffered witness are experts in insurance industry standards so their

testimony would not be relevant to whether Defendant's actions were reasonable.

The second prong of the bad faith claim—the requirement that the insurer had

knowledge of the unreasonableness of its actions or acted with reckless disregard to

the unreasonbleness—exists in an attempt to strike a "reasonable balance between the

right of an insurance carrier to reject a non-compensable claim submitted by its insured

and the obligation of such carrier to investigate and ultimately approve a valid claim of

its insured.  If an insurer does not know that its denial of or delay in processing a claim filed by its insured is unreasonable, and does not act with reckless disregard of a valid claim, the insurer's conduct would be based upon a permissible, albeit mistaken, belief that the claim is not compensable."  *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985).  Plaintiff's proffer recounts how the proposed witness were also allegedly wronged by Defendant and how Defendant's actions against those witnesses was similar to how Defendant treated Plaintiff.  However, the relevant inquiry is not whether Defendant treated these witnesses the same as it treated Plaintiff.  Plaintiff must prove that Defendant knew or should have known that its actions were unreasonable.  Absent a showing that, through these witnesses' litigation against Defendant, Defendant learned that its practices were unreasonable, the proffered evidence is not probative of bad faith.  Plaintiff's proffer does not include any information about whether these witnesses were successful in their claims against Defendant or how, based on these individual's litigation, Defendant knew or should have known that its actions were unreasonable.  Therefore, the Court finds that the proffered evidence is, at best, marginally relevant to Plaintiff's bad faith claim.

**B.    Exemplary Damages Claim**

As to the relevance of this evidence for Plaintiff's exemplary damages claim, the Supreme Court has held: "Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis."  *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003).  Were the Court to permit the jury to

consider how Defendant treated other insureds as part of its exemplary damages award, it would "create[] the possibility of multiple punitive damages awards for the same conduct; for in the usual case nonparties are not bound by the judgment some other plaintiff obtains." *Id.* (citing *BMW of North America v. Gore*, 517 U.S. 559, 593 (1996) (Breyer, J., concurring) ("Larger damages might also 'double count' by including in the punitive damages award some of the compensatory, or punitive, damages that subsequent plaintiffs would also recover")).

Under Federal Rule of Evidence 403, the Court must weigh the relevance of this testimony against the possible prejudice to Defendant. As Defendant is an insurance company, the possible prejudice of how it treats other insureds is significant. *See Jones v. Automobile Ins. Co. of Hartford*, 698 F. Supp. 226, 228 (N.D. Ga. 1988) (stating that an insurance company "by its nature of business, necessarily is involved in a number of disputes. The court would be opening up a Pandora's box if plaintiff were allowed to introduce evidence of any transactions between defendant and its many policy-holders."). It is easy to see how a jury could use this evidence improperly to find American Family liable for bad faith conduct that does not relate to Plaintiff's claim at all.

Moreover, this is a single plaintiff case and the Court must ensure that the jury awards exemplary damages only for the Defendant's conduct towards Plaintiff. *Campbell*, 538 U.S. at 423. The Court previously denied Plaintiff's request to amend her complaint to assert a class action. The Court also notes that Plaintiff's counsel has an active class action pending against Defendant in this Court.

**C.     Conclusion**

Given these considerations, the Court finds that the limited potential relevance of this evidence is substantially outweighed by the possible prejudice such evidence could have on Defendant.  Accordingly, Defendant's Motion in Limine regarding Plaintiff's use of evidence from other claims and/or litigation against Defendant is GRANTED.

Dated this 15th day of September, 2011.

BY THE COURT:

William J. Martínez
United States District Judge