**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  09-cv-02681-WJM-MEH

DAWNMARIE FIECHTNER,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ADMISSION
OF PAGES 19 AND 20 TO EXHIBIT 89**

---

During trial, Defendant proffered Exhibit 89 into evidence and the Court admitted it over Plaintiff's objection.[1]  At the conclusion of her case in chief, Plaintiff moved the Court to reconsider admission of certain portions of Exhibit 89.  The Court ordered Plaintiff to notify Defendant as to which specific portions she was objecting and ordered both parties to file simultaneous briefs on the admissibility of the contested portions.  Having considered the arguments set forth by counsel live and in their briefs, the Court DENIES Plaintiff's Motion to Reconsider.

Exhibit 89 is a booklet prepared by the Property Casualty Insurers Association of America entitled "Claims and Unfair Claims Handling Laws and Regulations."  The only pages to which Plaintiff objects are pages 19 and 20, which set forth a Colorado Insurance Regulation regarding penalties that can be imposed by the Commissioner of Insurance if an insurer fails to make a timely decision and/or payment of benefits.  The

---

[1]  The Court notes that Plaintiff is the party that had originally marked Exhibit 89 and included it on her Exhibit List.

disputed portion of this Regulation provides examples of what the Commissioner considers to form the basis for a reasonable dispute and a reasonable investigation.

Plaintiff argues that these portions of the Regulation are irrelevant because her bad faith claim does not depend on whether Defendant followed the Commissioner's Regulations. Plaintiff argues that bad faith law is broader than set forth in pages 19 and 20 and, therefore, these Regulations are not probative of any issue in dispute in this case. Defendant contends that the Regulation is relevant, not to rebut Plaintiff's bad faith claim, but because Plaintiff made Cynthia Campman's knowledge and training a disputed issue in this case.

The Court agrees that pages 19 and 20 of Exhibit 89 are relevant to whether, and to what extent, Campman was familiar with Colorado insurance regulations. Campman's knowledge and training was a major subject during Plaintiff's counsel's cross-examination of Campman. Plaintiff's counsel elicited testimony that Campman was not familiar with any Colorado insurance regulations. On redirect, Campman testified that she received and reviewed Exhibit 89 as part of her training and Defendant moved for its admission. Pages 19 and 20 show that Campman had some training on Colorado Insurance Regulations. Because these pages are relevant to a disputed issue in this case, they are admissible under Rule 402.

Plaintiff also argues that pages 19 and 20 should be excluded under Rule 403 because instructing the jury on the law is solely the Court's province and, therefore, inclusion of Colorado Insurance Regulations as an exhibit could confuse the jury. The Court agrees that there is a chance that admission of the insurance regulations could confuse the jury as to the appropriate legal standard on Plaintiff's bad faith and/or unreasonable delay or denial of benefits claims. However, the Court finds that any

possible confusion can be averted with an appropriate jury instruction. As part of its final instructions, the Court will inform the jury that its instructions are the law to be applied to this case and, to the extent any party's argument and/or any evidence is contrary to the Court's instructions, the Court's instructions must prevail. The Court will also consider whether a limiting instruction should be given directing the jury to consider Exhibit 89 only for the purposes discussed above.

With appropriate instructions, the Court is confident that any potential jury confusion can be mitigated. *See, e.g., Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). The Court finds that the relevance of pages 19 and 20 is not substantially outweighed by the possibility of undue prejudice to Plaintiff or confusion of the jury. Therefore, Rule 403 does not dictate exclusion of these pages.

For the reasons set forth above, Plaintiff's Motion to Reconsider is DENIED.

Dated this 11th day of October, 2011.

BY THE COURT:

William J. Martínez
United States District Judge