**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No.  09-cv-02681-WJM-MEH

DAWNMARIE FIECHTNER,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.

---

### ORDER DENYING DEFENDANT'S MID-TRIAL ORAL MOTION TO DISMISS

---

At the beginning of the third day of a jury trial in this case, Defendant made an oral motion to dismiss this action based on Plaintiff's prior bankruptcy filing.  Defendant argued that Plaintiff lacked standing to pursue this action because she had failed to include her uninsured motorist policy, which is the contract at the heart of this action, in her bankruptcy schedules.  The Court ordered the parties to submit briefing on this issue.

In Plaintiff's responsive brief, her counsel stated that he had been in contact with the Trustee of Plaintiff's bankruptcy estate and that the Trustee was reopening her bankruptcy case to allow him to either intervene in this case or to assign the Trustee's rights to any causes of action related to the uninsured motorist policy to Plaintiff.  At the beginning of the fifth day of the jury trial, Plaintiff's counsel presented the Court with a document entitled "Agreement Between Debtor and Chapter 7 Trustee Regarding Litigation Claims" ("Agreement") signed by Plaintiff and her Bankruptcy Trustee.  (ECF No. 395-1.)  The Agreement was a contract between Plaintiff and her Bankruptcy

Trustee whereby the Trustee "assigned" his interest in the claims related to the uninsured motorist policy to Plaintiff and agreed to be bound by the outcome of the instant litigation.  In exchange, the Trustee would recover up to $100,000 of the proceeds of the litigation (after attorney's fees and costs were paid).

In response to Plaintiff's filing of the Agreement, Defendant argued that the Trustee's assignment of claims was barred by the statute of limitations and, therefore, dismissal of this action was appropriate.  The Court again ordered briefs on this issue.

Having considered the arguments of counsel during trial and the briefs filed on these issues, for the reasons set forth below, Defendant's oral motion to dismiss is DENIED.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest."  "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit."  *Fed. Deposit Ins. Corp. v. Gelderman Inc.*, 975 F.2d 695, 698 (10th Cir. 1992).  The Court's decision whether to join or substitute a party as a "real party in interest" under Rule 17(a) is reviewed for an abuse of discretion.  *Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997).

## II.  ANALYSIS

Defendant argues that Plaintiff's claims should be dismissed because Plaintiff does not have standing to pursue this action based on her failure to list her uninsured motorist policy and/or any claims related thereto on the schedules filed during Plaintiff's personal bankruptcy.  (ECF No. 384.)

The Bankruptcy Code makes clear that the bankruptcy estate includes "all legal

or equitable interests of the debtor in property as of the commencement of the case,"

plus "proceeds . . . or profits of or from property of the estate."  11 U.S.C. § 541(a)(1),

(6) & (7) (2004).  "As a general matter, insurance contracts in which the debtor had an

interest at the time the petition is filed constitute property of the estate for purposes of §

541(a)."  *Stinett v. Laplante*, 465 F.3d 309, 312 (7th Cir. 2006).  There is no dispute that

Plaintiff entered into the contract at issue here—the uninsured motorist policy—before

she filed bankruptcy.  There is also no dispute that Plaintiff failed to list this insurance

policy on her bankruptcy schedules.  Thus, the uninsured motorist policy is property of

the bankruptcy estate.

Moreover, "payments from insurance policies in which the debtor had a

prepetition interest, to the extent that the debtor has or would have a right to received

and keep those payments when the insurer paid on a claim, are 'proceeds' of the estate

property and thus also property of the estate."  *Stinett*, 465 F.3d at 312-13.  Because

part of the relief sought in this case is proceeds that arise from Plaintiff's right to

benefits on the uninsured motorist policy, at least some of the damages she seeks here

are property of the bankruptcy estate.

Accordingly, the Court finds that, at the time Defendant made its oral motion to

dismiss, Plaintiff was not the true party in interest with respect to at least some of her

claims and/or damages sought int his action.

However, Rule 17(a)(3) makes clear that "[t]he court may not dismiss an action

for failure to prosecute in the name of the real party in interest until, after an objection, a

reasonable time has been allowed for the real party in interest to ratify, join, or be

substituted into the action."  Fed. R. Civ. P. 17(a)(3).  In her brief opposing Defendant's

oral motion, Plaintiff's counsel stated that he was in communication with Plaintiff's

bankruptcy trustee and working on either having the Trustee intervene in this case or an assignment of claims executed.  (ECF No. 392.)  Given this representation, the Court chose to let the trial proceed and encouraged Plaintiff and her counsel to get the Trustee involved in the case as soon as possible.  On the fourth day of trial the Court was informed that Plaintiff's bankruptcy estate had been reopened.  The Agreement was handed to the Court at the beginning of the fifth day of trial and filed later the same day.  (ECF No. 395-1.)

The issue therefore becomes whether the Agreement constituted ratification of this action by the Trustee for purposes of Rule 17.  A proper ratification under Rule 17(a) requires that the ratifying party (1) authorize continuation of the action and (2) agree to be bound by its result.  *ICON Group, Inc. v. Mahogany Run Development Corp.*, 819 F.2d 473, 478 (3d Cir. 1987) (cited favorably in *Delta Traffic Servs. v. Sysco Intermountain Food Servs.*, No. 90-4034, 1991 WL 180105, *4 (10th Cir. Sept. 10, 1991)).  Paragraph 1 of the Agreement states:

> The Trustee shall assign all interest that the Estate may have in the Litigation Claims to the Debtor.  The Debtor agrees that she will pursue the Litigation Claims using her judgment and discretion and will attempt to maximize an award of monetary damages at trial or in settlement.  The Trustee agrees that he and the Bankruptcy Estate shall be bound by the outcome of the litigation or settlement of the Litigation Claims.

(ECF No. 395-1 at 2.)  The Agreement also provides that the proceeds of the instant litigation, if any, would be split between the parties.  (*Id*.)  Given the explicit representation that the Trustee will be bound by the outcome of this litigation and the Agreement's implicit authorization that the litigation continue, the Court finds that the Trustee, to the extent that he is the real party in interest, has properly ratified this

action.  Additionally, for purposes of Rule 17(a)(3), the Court finds that this ratification was filed within a reasonable time after Defendant's objection to Plaintiff's standing in this action.

Defendant argues that any assignment of claims in the Agreement is invalid because the statute of limitations had run at the time of its execution.  (ECF No. 399.) With respect to this argument, the Tenth Circuit has held: "The fact that an applicable statue of limitations may have run before the real parties were substituted is not significant where the change is merely formal and in no way alters the known facts and issues on which the action is based."  *Metropolitan Paving Co. v. Int'l Union of Operating Engineers*, 439 F.2d 300, 306 (10th Cir. 1971); *see also Montgomery Ward & Co. v. Callahan*, 127 F.2d 32, 36-37 (10th Cir. 1942) ("[W]here a cause of action is instituted by one not authorized to maintain it and thereafter the proper party plaintiff is substituted in his place, the substitution relates back to the commencement of the action and the statute of limitations stops running as to the substituted plaintiff from the filing of the original action rather than the date of the substitution.").

The change in this case was simply formal and did not alter the facts or claims in dispute.  Defense counsel has stated on the record that she was not aware of the existence of Plaintiff's bankruptcy petition until a few days before trial commenced. There is nothing in the record that suggests Defendant would have prosecuted this action any differently if it had been originally brought by the Trustee rather than Plaintiff herself.  As such, the fact that the statute of limitations may have ran before the Agreement was executed is immaterial.  Moreover, because Defendant had notice of the claims brought against it when Plaintiff filed this action—which was undisputedly within the relevant statute of limitations—and nothing about the claims changed when it

learned that the Trustee was the real party in interest, Defendant has received the protection intended by the statute of limitations.  *See Spillman v. Carter*, 918 F. Supp. 336, 340 (D. Kan. 1996) ("A defendant is not deprived of the protection of the statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claim arises.").  Finally, the purpose of the real party in interest requirement is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as *res judicata*."  Fed. R. Civ. P. 17(a), Advisory Comm. Notes (1966).  The Trustee's agreement to be bound by the outcome of this litigation forecloses any worry that Defendant may be subjected to subsequent litigation or that this action will not have the proper *res judicata* effect.

### III.  CONCLUSION

The Tenth Circuit has held that Rule 17(a) "is designed to prevent forfeitures, and as such must be given broad application."  *Esposito v. United States*, 368 F.3d 1271, 1278 (10th Cir. 2004).  For the reasons stated above, the Court DENIES Defendant's mid-trial oral motion to dismiss.  The Clerk shall enter judgment on the verdict returned by the jury in this action.

Dated this 17th day of October, 2011.

BY THE COURT:

William J. Martínez
United States District Judge